IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-CV-197-F |
| | ) | (WO) |
| A-1 METALS, INC.; STEVE COCHRAN; | ) | |
| CONRAD J. WARD; AND JUNE H. | ) | |
| WARD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Star Insurance Company filed a Complaint (Doc. # 1) on March 1, 2005, seeking a declaratory judgment regarding insurance obligations in an underlying state court case. The defendants filed their original Answer and Counterclaim (Doc. # 5) on March 28, 2005. Now pending before the court is defendants Conrad and June Ward's Motion for Leave to File Amended Answer and Counterclaim and Add Parties (Doc. # 18) filed on June 28, 2005. Star Insurance filed an objection to the Wards' motion to amend and add parties (Doc. # 24) on July 21, 2005, and the Wards filed a response to Star's objection (Doc. #29) on August 10, 2005. A hearing on the motion was held on August 22, 2005.

The Wards' original counterclaim against Star Insurance asserted that the Wards were entitled to payment of a judgment obtained in an underlying state court action. Now the Wards seek to make significant changes to their counterclaim. The amended counterclaim would include five counts and four defendants, whereas the original counterclaim contained one count against one defendant. The Wards' proposed amended

counterclaim contains the following counts: Count I - Action on Judgment; Count II - Fraud by Misrepresentation; Count III - Fraud by Failure to Disclose; Count IV - Negligence; and Count V - Wantonness. The first count is the same claim alleged in the Wards' original counterclaim; the other four counts assert new causes of action not previously alleged in this case. Further, the Wards' original counterclaim was against only Star Insurance; the proposed amended counterclaim adds three more defendants–Joel White, Charles C. Conour, and Conour & Associates, Inc.

When joinder of one or more parties would result in claims that are not subject to federal jurisdiction under 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the court may decide whether to exercise supplemental jurisdiction under 28 U.S.C. § 1367. The court may decline to exercise this jurisdiction if the new claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). Supplemental jurisdiction may also be denied when joinder of a party would destroy diversity jurisdiction. 28 U.S.C. § 1367(b).

The court looks to the factors of 28 U.S.C. § 1367 to determine whether or not supplemental jurisdiction is appropriate. At oral argument, Star Insurance argued that allowing the Wards to add new claims would unnecessarily expand and complicate the original purpose of this action, which was a declaratory action concerning insurance coverage. The court agrees, finding that claims involving fraud, negligence, and wantonness would require discovery far outside the scope of the original declaratory judgment action and would prolong the resolution of the original claim in this case. In

considering the grounds for allowing supplemental jurisdiction, the court is persuaded by plaintiff Star Insurance's argument that the claims the Wards seek to add would substantially predominate over the original claim for declaratory judgment filed by Star Insurance. In addition, all three of the proposed new parties are Alabama citizens, as are the Wards; with their joinder, diversity jurisdiction would be destroyed. Given these facts, the court finds that exercising supplemental jurisdiction over the proposed counterclaim would unduly complicate and predominate over the pending declaratory judgment.

Accordingly, it is ORDERED that the defendants' Motion for Leave to File Amended Answer and Counterclaim and Add Parties (Doc. # 18) be and is hereby DENIED.

Done this 21st day of September, 2005.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE