IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STAR INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACTION NO.  2:05cv197-F |
| ) | (WO) |
| A-1 METALS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the court are defendant Ward's motions to strike exhibits to Star's motion for summary judgment (docs. # 54 & 55), motions to strike defenses in Star's motion for summary judgment (docs. # 57 & 58) and motion to stay time for responding to Star's motion for summary judgment pending ruling on the motions to strike (doc. # 56). The defendant argues that portions of Star's evidentiary submission in opposition to the motion for summary judgment should be stricken because information contained therein does not meet the requirements of FED. R. CIV. P. 56.[1] Specifically, the defendant complains that certain documentary evidence contradicts prior sworn testimony or lacks proper authentication. In addition, Ward argues that Star is estopped from raising any defense other than lack of notice for denying coverage, and any defenses other than timeliness of notice should be stricken.

---

[1] FED. R. CIV. P. 56(e) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The court is capable of sifting through the evidentiary submission and considering only those portions which comply with FED. R. CIV. P 56(e) and the Federal Rules of Evidence. To the extent that evidentiary submissions contain information that would be inadmissible under the Rules, the court will not consider that material in resolving the motions for summary judgment. Ward's motions to strike exhibits to Star's motion for summary judgment (docs. # 54 & 55) are due to be denied.

Next, defendant Ward seeks to "strike all grounds listed by Star Insurance Company in its motion for summary judgment . . . other than the ground that it was not provided timely notice of the Wards' claim and suit." (Docs. # 57 & 58). Ward argues that Star is precluded from raising any "defense" other than timeliness of notice in this action. In its Complaint, Star asserts that it has no

> obligations of indemnity or liability for the lawsuit . . . and the jury verdict . . . because A-1 Metals, Inc., and Steve Cochran violated the terms of the insurance contract and failed to comply with conditions precedent to the obtaining of contractual benefits under the policy, specifically late notice. Furthermore, coverage only existed for A-1 Metals, Inc., and Steve Cochran for damages because of bodily injury or property damage caused by an occurrence within the policy terms. Furthermore, the policy at issue, . . . contains numerous exclusions which may or may not each be applicable to the claims in the underlying case . . . . Because of the late notice, Star Insurance Company did not have the opportunity to investigate the claims for coverage purposes. For all of those reasons, coverage may not have existed in the lawsuit referenced above, which was filed in Elmore County, Alabama, and Star Insurance Company has no obligation of indemnity to any of the Defendants herein.

(Compl. at ¶ 12, p. 5). Star has consistently asserted grounds, either independently or coupled with, lack of notice as a basis for denying coverage in the underlying state action.

Consequently, the court concludes the motions to strike defenses (docs. # 57 & 58) are due to be denied.

Finally, Ward has filed a response to the pending motions for summary judgment rendering her motion to stay time for responding moot.

Accordingly, it is

ORDERED that defendant Ward's motions to strike exhibits to Star's motion for summary judgment (docs. # 54 & 55) and motions to strike defenses in Star's motion for summary judgment (docs. # 57 & 58), be and are hereby DENIED.  It is further

ORDERED that defendant Ward's motion to stay time for responding to Star's motion for summary judgment pending ruling on the motions to strike (doc. # 56) be and is hereby DENIED as moot.

Done this 14th day of November, 2005.

       /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE